**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHRISTOPHER JOHNSON,

      Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
CAROL JOHNSTON, Department of
Corrections; JOHN JUBIC, AAC
Hearing Officer,

      Defendants-Appellees.

No. 96-1413
(D.C. No. 96-D-106)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections appearing pro se, appeals from the dismissal of this civil rights action filed pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff was charged with sexual abuse after deliberately exposing himself to a corrections officer, defendant Carol Johnston. After a disciplinary hearing before defendant John Jubic, he was found guilty. According to the "Disposition of Charges" plaintiff attached to his complaint, the punishment imposed was a total of twenty-five days of punitive segregation--fifteen days of punitive segregation for the new conviction plus ten days of punitive segregation that had been imposed in an earlier disciplinary matter but not served. See R. doc. 3 foll. p.4. Plaintiff filed this suit, seeking expungement of the disciplinary conviction and other, related relief on the basis that the hearing officer was biased.

On defendants' motion, the district court dismissed the complaint in a thorough and well-written order. First, the court held that plaintiff had not demonstrated by his allegations that any protected liberty interest was implicated by the disciplinary action taken against him. See R. doc. 22 at 3-5 (discussing Sandin v. Conner, 515 U.S. 472 (1995)). The court further held that even if the protections of the Due Process Clause were invoked, plaintiff received all the

process that was due.  See id. at 5 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and Marshall v. Champion, 82 F.3d 426, 1996 WL 187535, at **1 (10th Cir. April 18, 1996) (order and judgment)).  The court decided that plaintiff's claims for relief related to the disciplinary conviction failed as a result.  See id. at 6.

We have carefully reviewed the briefs and the record on appeal.[1]  We find no error, and affirm for substantially the same reasons as those set forth in the district court's order filed August 20, 1996.

AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

---

[1]    Defendants' brief was particularly thorough and helpful to the court in deciding this appeal.